In the Matter of HOWARD PITT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 22, 1992

### APPEARANCES OF COUNSEL

*Gary L. Casella (Maryann Yanarella* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the Special Referee sustained the three charges of professional misconduct against the respondent which are set forth in the petition. The petitioner moves to confirm the report of the Special Referee and the respondent has not submitted any papers in opposition thereto. He did, however, present witnesses and testify on his own behalf at the hearing.

Charge One alleged that the respondent failed to cooperate with an investigation of the Grievance Committee. Specifically, he failed to respond to a *sua sponte* complaint alleging a failure to register with the Office of Court Administration and a failure to report his change of address as required. On or about February 4, 1991, certified letters, return receipts requested, were mailed to the respondent at several different addresses. It was therein requested that the respondent submit a written answer within 10 days of receipt. That letter advised that a failure to comply would constitute professional misconduct. Two signed receipt cards, both dated February 6, 1991, were returned. However, the respondent failed to submit a written answer. On February 20, 1991, another certified letter, return receipt requested, was mailed to the respondent. Although a signed receipt card was returned, no answer followed.

Charge Two alleged that the respondent failed to respond to a letter dated March 1, 1991, informing him that another *sua sponte* investigation had been authorized. It was alleged that the respondent had never filed a certificate of conviction with the Appellate Division, Second Department, following a conviction on May 27, 1982, for driving while under the influence outside the State of New York. A detailed written answer was requested within 10 days of receipt.

Although the letter advised that a failure to reply would constitute professional misconduct independent of the merits of the complaint, the respondent failed to answer. A certified letter, return receipt requested, was mailed to the respondent on March 13, 1991, once again requesting an answer. This letter was returned "unclaimed." On March 26, 1991, letters were sent to the respondent by regular and certified mail, return receipt requested, advising him of the aforementioned complaint. One of the return receipt cards was returned signed. The respondent again failed to answer.

Charge Three alleged that the respondent is guilty of holding himself out to be in the private practice of law and/or engaging in the private practice of law, in violation of 22 NYCRR 25.40. The respondent had been employed since January 1974 by Mental Hygiene Legal Services and its predecessor, an agency of this court. The respondent was admitted to practice law in New Jersey in 1974. In November 1985 he designated an address in Paterson, New Jersey, as his primary New Jersey law office. In May 1988 the New Jersey Disciplinary Review Board issued a letter of private reprimand to the respondent for agreeing to institute suit on behalf of two individual clients against a common third party and then failing for one year to take any action or to communicate with his clients. In October 1988 the Disciplinary Review Board initiated an investigation as to whether the respondent maintained a bona fide office in New Jersey. During this investigation, the respondent indicated he was handling some matrimonial matters and real estate closings. This court has no record of a written application by the respondent to the Presiding Justice as to each professional engagement, as required by 22 NYCRR 25.40 (a) and (b) (2).

After reviewing all of the evidence adduced, we find that the respondent is guilty of the three charges of professional misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including his abuse of alcohol and the stress related to his domestic problems. He is nevertheless guilty of professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of one year, commencing July 27, 1992, and until further order of this court.

THOMPSON, J. P., BRACKEN, SULLIVAN, HARWOOD and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Howard Pitt is suspended from the practice of law for a period of one year, commencing July 27, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement as early as six months prior to the expiration of the that period upon furnishing satisfactory proof (a) that during the said

period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Howard Pitt is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.