[641 NYS2d 536]

In the Matter of HENRY WILLIAM ARCHER (Admitted as HENRY W. ARACHTINGI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 11, 1996

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice at the First Judicial Department in 1956, under his former name, Henry W. Arachtingi. On October 20, 1995, this Court directed a psychiatric ex-

amination to aid in determining whether respondent was "incapacitated from continuing to practice law by reason of mental infirmity or illness."

The record in this case reveals several instances of intemperate, disrespectful, and occasionally threatening behavior directed at Judges, opposing counsel and Disciplinary Committee personnel (the chairman, chief counsel and staff members), since 1990. Respondent has been under sporadic psychiatric care since 1994, with two brief hospitalizations in late 1995. He has been medically maintained on the antidepressant Nardil.

Pursuant to this Court's order, respondent underwent psychiatric evaluation by Dr. Amy S. Hoffman at Elmhurst Hospital Center. Dr. Hoffman's preliminary review of the files furnished by petitioner revealed graphic instances of respondent's "vehement and hostile tone and * * * paranoid thinking which borders on the delusional." Respondent admitted to multiple episodes of depression and fatigue over the last 11 years, relieved only by medication that raises him to an "elevated state" from which he occasionally overreacts to perceptions of injustice. Although he was loathe to speak about his thoughts at the moments of his intemperate remarks, it was clear to the psychiatrist that "at times he is paranoid with persecutory thinking and preoccupation." These mood swings are interrupted by significant periods of more normal functioning, but "recurrence of the active phase of illness is unpredictable", and respondent has refused to remain in treatment or agree to a plan of monitoring the symptoms of his illness. As a consequence, Dr. Hoffman concluded that respondent's "insight and judgment are sufficiently impaired by his illness to prevent him from the effective practice of law."

Accordingly, the petition should be granted and respondent should be suspended from the practice of law, on the ground of incapacitation by reason of mental infirmity, for an indefinite period and until further order of this Court (22 NYCRR 603.16).

ROSENBERGER, J. P., WALLACH, RUBIN, TOM and MAZZARELLI, JJ., concur.

Application granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York indefinitely, effective April 11, 1996, and until the further order of this Court.