[651 NYS2d 111]

In the Matter of HOWARD PITT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 9, 1996

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By opinion and order of this Court dated June 22, 1992 (180 AD2d 295), the respondent was suspended from the practice of law, after a disciplinary hearing, for a period of one year, commencing July 27, 1992, and continuing until the further order of this Court. The charges on which the suspension was predicated included the respondent's failure to cooperate with the Grievance Committee, his holding himself out to be in the private practice of law and/or his engaging in the private practice of law when he was employed by Mental Hygiene Legal Service. By opinion and order of this Court dated May 31, 1994 (197 AD2d 339), the Grievance Committee's application to impose reciprocal discipline upon the respondent based on his six-month suspension in New Jersey was granted to the extent that the respondent's suspension was continued pending further order of this Court. The Court specifically noted that this would be considered in relation to any motion for reinstatement to the New York Bar which the respondent might be inclined to make. The New Jersey discipline was imposed on the respondent for failure to safeguard property and failure to cooperate with the New Jersey ethics authorities.

By order of this Court dated August 7, 1996, the Grievance Committee was authorized to institute and prosecute a second disciplinary proceeding against the respondent based upon his conviction of a serious crime, i.e., criminal contempt in the second degree in violation of Penal Law § 215.50, a class A misdemeanor, and the issues were referred to William J. Daly, Esq., as Special Referee, to hear and report.

The respondent admitted service of that order on August 20, 1996. To date, he has neither submitted a verified answer nor requested an extension of time within which to do so.

The Grievance Committee now moves to impose discipline upon the respondent based on his default and has served the respondent with the notice of motion and accompanying affirmation. Although the respondent admitted service on September 10, 1996, he has failed to respond.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer, the charges must be deemed established. The Grievance Committee's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Howard Pitt, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Howard Pitt is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.