[685 NYS2d 56]

In the Matter of ANDREW L. SINGER (Admitted as ANDREW LEWIS SINGER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 4, 1999

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Hal R. Lieberman* of counsel (*Beldock Levine & Hoffman, L. L. P.,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Andrew L. Singer was admitted to the practice

of law in New York by the First Judicial Department on February 6, 1995.

On November 13, 1997, in the Circuit Court of Loudoun County, Virginia, respondent pleaded guilty to one count of aggravated sexual battery (Va Code Annot § 18.2-67.3), a felony, in satisfaction of several related charges filed against him. On February 17, 1998, respondent was sentenced to a term of imprisonment of 20 years, with 16 years and 8 months suspended; lifetime probation; costs; restitution; and certain other conditions of release.

By petition dated December 3, 1998, the Departmental Disciplinary Committee (the DDC) seeks an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, 60 days after his release from prison, to show cause before a Referee appointed by this Court, why a final order of censure, suspension or disbarment should not be made.

The crime for which respondent was convicted, aggravated sexual battery, is a "serious crime" inasmuch as it is a felony in Virginia, but not in New York (see, Judiciary Law § 90 [4] [d]; 22 NYCRR 603.12 [b]). The conduct at issue, touching an 11-year-old boy's penis while engaging him in conversation, would constitute a class A misdemeanor in New York, since no forcible conduct was involved.

Judiciary Law § 90 (4) (f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime", this Court suspend the attorney until a final order is issued. In addition, the imposition of an interim suspension is consistent with this Court's general policy that a convicted felon not be permitted to continue to practice law during the course of the disciplinary proceeding (see, Matter of Greenberg, 212 AD2d 310; Matter of Coughlin, 202 AD2d 112). It is also the policy of this Court to suspend an attorney who is serving a criminal probation and/or is incarcerated.

Accordingly, we should grant DDC's petition insofar as it seeks to deem respondent's offense a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); respondent should be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f); and respondent should be directed, 60 days after his release from incarceration, to show cause before a Referee appointed by this Court pursuant to Judiciary Law § 90 (4) (g), why a final order

of censure, suspension, or disbarment should not be made. Furthermore, we deny respondent's request that this matter be sealed, with the exception that sealing should be granted as to the identity of the victim.

SULLIVAN, J. P., ELLERIN, WILLIAMS, MAZZARELLI and SAXE, JJ., concur.

Petition granted, and the crime of which respondent has been convicted deemed a serious crime, and respondent suspended from the practice of law in the State of New York, effective the date hereof, and until the further order of this Court. Respondent directed to show cause before a Referee why a final order of suspension, censure, or disbarement should not be made, all as indicated.