[696 NYS2d 162]

In the Matter of ERNEST J. MILLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 21, 1999

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Ernest J. Miller,* respondent *pro se.*

Per Curiam.

Respondent Ernest J. Miller was admitted to the practice of law in New York by the Second Judicial Department on November 15, 1978. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

On January 12, 1998, in the Criminal Court of the City of New York, County of New York, respondent pleaded guilty to one count of aggravated harassment in the second degree, in violation of Penal Law § 240.30 (1), and three counts of criminal contempt in the second degree, in violation of Penal Law § 215.50 (3). On December 4, 1998, respondent was sentenced to two consecutive terms of one-year imprisonment; he is currently serving this sentence.

The Departmental Disciplinary Committee (the Committee) seeks an order determining that the crimes of which respondent has been convicted are serious crimes as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before a Referee appointed by the Court, who shall thereupon hold a hearing within 60 days of respondent's release from prison, and issue a report and recommendation to the Court why a final order of censure, suspension or disbarment should not be made.

The Committee additionally requests that this Court direct that respondent's hearing include an examination of respondent's mental capacity so that the recommendation to the Court will include a determination as to respondent's mental capacity to practice law, pursuant to 22 NYCRR 603.16.

Respondent does not deny that he pleaded guilty to the crime of criminal contempt in the second degree under Penal Law § 215.50 (3), which, although a misdemeanor, has been held to constitute a "serious crime" (see, Matter of Pitt, 227 AD2d 1). Rather, he seeks to undermine the conviction by challenging the constitutionality of those proceedings. However, his arguments do not constitute a defense to this proceeding, since "[a] certificate of the conviction of an attorney for any crime shall be conclusive evidence of his guilt of that crime in any disciplinary proceeding instituted against him and based on the conviction, and the attorney may not offer evidence inconsistent with the essential elements of the crime for which he was convicted

\* \* \* except such evidence as was not available either at the time of the conviction or in any proceeding challenging the conviction" (22 NYCRR 603.12 [c]).

It is the policy of this Court to suspend an attorney who is serving a criminal probation and/or is incarcerated (*Matter of Singer*, 252 AD2d 338). A hearing at which the issue of the appropriate final sanction is considered is required by Judiciary Law § 90 (4) (g).

Finally, given the many psychiatric examinations of respondent and the resulting recommendations indicating that, at the very least, respondent is suffering from a serious psychological disorder, the issue of respondent's fitness to practice law must be addressed by the Referee as well.

Accordingly, we should grant the Committee's petition insofar as it seeks to deem respondent's offenses "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b); respondent should be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f); and respondent should be directed to show cause before a Referee appointed by this Court pursuant to Judiciary Law § 90 (4) (g), within 60 days after his release from incarceration, why a final order of censure, suspension or disbarment should not be made, which hearing shall include evidence and findings of fact as to whether respondent is mentally incapacitated and unfit to practice law pursuant to 22 NYCRR 603.16 (b).

ELLERIN, P. J., NARDELLI, MAZZARELLI, RUBIN and SAXE, JJ., concur.

Petition granted insofar as to deem crimes of which respondent has been convicted "serious crimes"; to suspend respondent from the practice of law in the State of New York, effective the date hereof, pending determination of proceeding herein and until the further order of this Court; and to direct respondent to show cause before a Referee why a final order of censure, suspension or disbarment should not be made, all as indicated.