[717 NYS2d 17]

In the Matter of ROBERT C. ADELMAN (Admitted as ROBERT CALVIN ADELMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 2000

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Robert C. Adelman,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent, Robert C. Adelman, as Robert Calvin Adelman, was admitted to the practice of law in the State of New York by the Second Judicial Department on October 20, 1971. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On March 2, 1998, a 36-count indictment was filed in the County Court, Nassau County, charging respondent with criminal contempt in the first degree, criminal contempt in the second degree, and aggravated harassment in the second degree, in violation of Penal Law § 215.51 (b); § 215.50 (3); and § 240.30 (1), respectively. These charges stemmed from respondent's violation of an order of protection directing him to refrain from contacting his former girlfriend. On February 5, 1999, respondent pleaded guilty to criminal contempt in the second degree, a class A misdemeanor, in full satisfaction of the indictment.

Respondent was sentenced to time served and to a period of probation not to exceed three years, with a condition that he receive therapy as directed by the Probation Department. The

sentencing court also issued an order of protection to be in effect until March 8, 2002.

The Department Disciplinary Committee sought an order deeming the offense of which respondent pleaded guilty to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b). We granted the petition by an unpublished order dated September 24, 1999 and directed the respondent to show cause before a Referee why a final order of censure, suspension or disbarment should not be made. A hearing was held on December 17, 1999, at which respondent and his psychiatrist testified in mitigation. After the hearing, the Referee issued a report and recommendation dated February 3, 2000 recommending public censure as the appropriate sanction. A Hearing Panel was assigned to review the Referee's report and recommendation; however, in the interim, respondent was incarcerated for violating the order of protection on May 5, 1999, by making contact with his former girlfriend. The proceedings before the Hearing Panel were stayed pending respondent's release from jail.

By an undated misdemeanor complaint filed with the New York County Criminal Court, respondent was charged with criminal contempt in the second degree, in violation of Penal Law § 215.50 (3), for violating the order of protection. On February 14, 2000, respondent was convicted after a jury trial at which he proceeded *pro se*. On March 1, 2000, respondent moved to set aside the verdict pursuant to CPL 330.30 on the ground that he was not competent to stand trial and should not have been permitted to proceed *pro se*. On or about September 28, 2000, the Criminal Court denied respondent's motion. Subsequently, respondent was sentenced to one year incarceration.

The Departmental Disciplinary Committee now moves for an order: (1) determining that the crime of which respondent was convicted on February 14, 2000 was a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); (2) suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); (3) consolidating this matter with the pending "serious crime" proceeding before the Committee arising from the February 5, 1999 conviction; and (4) upon said determination further directing that respondent, pursuant to Judiciary Law § 90 (4) (g), show cause before a Hearing Panel of the Committee why a final order of censure, suspension or disbarment should not be made.

Respondent has submitted an affirmation in opposition to the Committee's petition arguing that the Referee, in her report recommending public censure, already recognized the May 5, 1999 "incident" as an "aggravating factor" in the first disciplinary proceeding; thus, he questions why the Committee is rehashing the same issues that were known or knowable at the time of the hearing in December 1999. He contends the Committee should be estopped from changing positions and re-litigating old issues. He further explains that the contact he had with his former girlfriend was a simple, verbal domestic dispute and should not form the basis for his suspension from the practice of law.

Section 603.12 (b) of the Rules of this Court defines "serious crime," *inter alia*, as any crime, other than a felony, which "involves interference with the administration of justice" or "criminal contempt of court." Here, respondent was convicted of criminal contempt in the second degree which involves "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court" (Penal Law § 215.50 [3]). Since a necessary element of respondent's misdemeanor conviction involves these factors, respondent's conviction is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) (*see, Matter of Miller*, 261 AD2d 80).

The branch of the petition seeking an interim suspension should be granted. It is the policy of this Court to suspend an attorney who is serving a criminal probation and/or is incarcerated (*Matter of Miller, supra*, at 82; *Matter of Singer*, 252 AD2d 338). Moreover, in view of respondent's subsequent conviction on the heels of his first criminal conviction for the similar offense of violating an order of protection, it can be inferred that respondent is engaging in a continuing course of misconduct threatening the public interest.

The branch of the petition seeking consolidation should be granted as it would serve to promote the interest of judicial economy. Given that both proceedings are based on similar facts and offenses, the Hearing Panel now assigned to hear the first case on the issue of sanction should also hear the within proceeding.

Accordingly, the Committee's petition should be granted insofar as it seeks to deem the crime of which respondent was convicted on February 14, 2000 a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12; respondent should be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f); this mat-

ter should be consolidated with the pending "serious crime" proceeding before the Committee arising from respondent's February 5, 1999 conviction; and respondent should be directed to show cause before a Hearing Panel of the Committee, pursuant to Judiciary Law § 90 (4) (g), within 60 days after his release from incarceration, why a final order of censure, suspension or disbarment should not be made.

SULLIVAN, P. J., WILLIAMS, MAZZARELLI, LERNER and RUBIN, JJ., concur.

Petition granted insofar as to deem the offense of which respondent has been convicted a "serious crime"; respondent suspended from the practice of law in the State of New York, effective the date hereof, pending determination of the proceedings herein, which are consolidated for hearing together before the Hearing Panel of the Departmental Disciplinary Committee for the First Judicial Department and until the further order of this Court; and respondent directed to show cause before the Hearing Panel why a final order of censure, suspension or disbarment should not be made, all as indicated.