[720 NYS2d 57]

In the Matter of ERNEST J. MILLER, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 25, 2001

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ernest J. Miller was admitted to the practice of law in New York by the Second Judicial Department on November 15, 1978. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

On January 12, 1998, in the Criminal Court of the City of New York, County of New York, respondent pleaded guilty to one count of aggravated harassment in the second degree, in violation of Penal Law § 240.30 (1), and three counts of criminal contempt in the second degree, in violation of Penal Law § 215.50 (3), arising out of his harassment of Family Court Judge Ruth Zuckerman by mail, telephone, and in person. On December 4, 1998, respondent was sentenced to two consecutive terms of one year imprisonment, which he has completed.

Pursuant to an order dated October 21, 1999 (261 AD2d 80), this Court determined that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d); we therefore suspended respondent from the practice of law and directed a hearing to determine the appropriate sanction, as well as whether respondent was fit to continue practicing law. The Departmental Disciplinary Committee (the Committee) now moves for an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming the findings of fact and conclusions of law set forth in the report and recommendation confirmed by the Hearing Panel.

As the Referee found, there is "substantial and convincing" evidence that respondent suffers from a mental infirmity or illness rendering him incapacitated from continuing to practice law. Indeed, the evidence reveals that respondent's delusional preoccupation with the Family Court Judge, as well as other delusional thoughts, continue to this day. Although respondent asserted that he has begun treatment, the presented evidence establishes that he does not presently possess the mental capacity to practice law (see, Matter of Archer, 219 AD2d 305). Therefore, pursuant to 22 NYCRR 603.16 (b) (1), respondent must be suspended for the practice of law for an indefinite period and until further order of this Court.

Accordingly, the motion to confirm the Hearing Panel's report and recommendation should be granted, and respondent suspended from the practice of law for an indefinite period, until further order of this Court.

NARDELLI, J. P., MAZZARELLI, ELLERIN, RUBIN and SAXE, JJ., concur.

Motion granted, Hearing Panel report and recommendation confirmed, and respondent's suspension from the practice of law continued, based upon his mental incapacity, for an indefinite period and until the further order of this Court.