[946 NYS2d 174]

In the Matter of JOHN J. O'BRIEN (Admitted as JOHN JOSEPH O'BRIEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 19, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Hinshaw & Culbertson LLP (Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John J. O'Brien was admitted to the practice of law in the State of New York by the First Judicial Department on November 20, 1995, under the name John Joseph O'Brien. At all times relevant to these proceedings, he maintained an office for the practice of law within this Judicial Department.

On August 3, 2011, in a misdemeanor information filed in the United States District Court for the Southern District of New York, respondent was charged with two counts of failing to file United States income tax returns for 2004 and 2006, and two counts of willfully failing to pay income tax in 2005 and 2007, in violation of 26 USC § 7203. On August 4, 2011, he pleaded guilty to all four counts, and on January 11, 2012, he was sentenced to a period of incarceration of 28 months, followed by one year of supervised release.

The Departmental Disciplinary Committee now petitions this Court for an order determining that respondent has been convicted of "serious crimes" as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing a hearing before a Hearing Panel of the Committee or a Referee as to the appropriate sanction.

The definition of "serious crime" provided by Judiciary Law § 90 (4) (d) is

> "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime."

Although the offenses of which respondent was convicted were not felonies, two of the counts fall squarely into the category of

"any other crime a necessary element of which . . . includes . . . willful failure to file income tax returns" (*id.*; *see also* 22 NYCRR 603.12 [b]). As respondent concedes, this aspect of the Committee's petition must be granted.

The Committee's application to immediately suspend respondent is granted pursuant to Judiciary Law § 90 (4) (f). The statute uses mandatory language, in directing that any attorney convicted of a serious crime "shall" be suspended upon receipt of the record of the conviction, pending a final order pursuant to Judiciary Law § 90 (4) (g). Moreover, this Court has repeatedly said that "[i]t is the policy of this Court to suspend an attorney who is serving a criminal probation and/or is incarcerated" (*see Matter of Adelman*, 279 AD2d 1, 4 [2000]; *Matter of Miller*, 261 AD2d 80, 82 [1999]).

Respondent is directed to show cause before a Hearing Panel of the Committee, which shall hold a hearing within 90 days from the date of respondent's release from prison, and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be entered (Judiciary Law § 90 [4] [g]; *see Matter of Fasciana*, 36 AD3d 9, 11 [2006]).

SAXE, J.P., SWEENY, ACOSTA, FREEDMAN and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.