Matter of Miller (2024 NY Slip Op 03928)

Matter of Miller

2024 NY Slip Op 03928

Decided on July 25, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 25, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern,J.P.,
Anil C. Singh
Saliann Scarpulla
John R. Higgitt
Marsha D. Michael, JJ.

Motion No. 2023-05576 Case No. 2023-04231 

[*1] In the Matter of Stefan M. Miller, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Stefan M. Miller (Admitted as Stefan Michael Miller) (OCA Atty. Reg. No. 4718219), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Stefan M. Miller, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 1, 2009.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Richard E. Mischel, Esq., for respondent.

Per Curiam 

Respondent Stefan M. Miller was admitted to the practice of law in the State of New York by the First Judicial Department on May 1, 2009, under the name Stefan Michael Miller. Respondent avers that he resides in Texas and is not currently engaged in the practice of law. Respondent does not dispute our continued jurisdiction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]).
Respondent was charged in a criminal complaint with aggravated criminal contempt (Penal Law § 215.52 [1]) and criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), both felonies. On August 1, 2023, respondent pleaded guilty to criminal contempt in the second degree, which is a class A misdemeanor (Penal Law § 215.50 [3]). He stated that, on March 4, 2023, he violated an order of protection by being in the presence of the named person. Respondent was sentenced to a one-year conditional discharge, as a condition of which he was required to complete an abusive partner intervention program. Respondent contends that he has satisfied that condition.
The Attorney Grievance Committee for the First Judicial Department (the Committee) moved for an order finding that respondent has been convicted of a "serious crime" (Judiciary Law § 90 [4] [d]) and directing him to show cause before a referee why a final order of censure, suspension, or disbarment should not be made (see Judiciary Law § 90 [4] [g]; 22 NYCRR 1240.12 [c] [2] [i], [iv]). Respondent does not contest that he has been convicted of a serious crime under the Judiciary Law (see e.g. Matter of Miller , 261 AD2d 80, 81 [1st Dept 1999] [criminal contempt in the second degree constitutes a "serious crime"]). He requests a hearing before a special referee appointed by the Court (see Judiciary Law § 90 [4] [h]; 22 NYCRR 1240.12 [c] [2] [iii]).
Currently before us is whether to suspend respondent from the practice of law pending completion of this disciplinary proceeding. The Committee does not request that we impose such a suspension. When an attorney is convicted of a serious crime, however, we may so suspend the attorney regardless of whether the Committee asks us to do so (see Judiciary Law § 90 [4] [f]; 22 NYCRR 1240.12 [c] [2] [ii]). Therefore, on April 29, 2024, we directed respondent to show cause why an interim order of suspension should not be entered pending further proceedings.
Respondent opposes an interim suspension on the grounds [*2]that he has accepted responsibility for his criminal conduct, he is neither incarcerated nor on probation, he has satisfied the conditions of his discharge, his prior disciplinary record was unblemished, his criminal activity was not related to the practice of law, he currently cares for his elderly parents, and he has not engaged in the practice of law since before the criminal matter in question.
We may impose an interim suspension "unless such a suspension would be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice" (22 NYCRR 1240.12 [c] [2] [ii]; see Judiciary Law § 90 [4] [f]). Considering respondent's intentional and knowing violation of a court's order of protection, we find that an interim suspension would not "be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice" (22 NYCRR 1240.12 [c] [2] [ii]).
Therefore, the matter is referred to a referee for hearing, report, and recommendation (see Judiciary Law § 90 [4] [h]; 22 NYCRR 1240.12 [c] [2] [iii]). Respondent shall be immediately suspended from the practice of law in the State of New York, until such time as disciplinary matters have been concluded and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department to deem the offense of which respondent Stefan M. Miller, admitted as Stefan Michael Miller, has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) is granted, and respondent Stefan M. Miller, admitted as Stefan Michael Miller, is suspended from the practice of law effective immediately, until such time as pending disciplinary matters have been concluded, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Stefan M. Miller, admitted as Stefan Michael Miller, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent Stefan M. Miller, admitted as Stefan Michael Miller, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that, if respondent Stefan M. Miller, admitted as Stefan Michael Miller, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to [*3]the issuing agency, and
It is further Ordered that pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2), respondent Stefan M. Miller, admitted as Stefan Michael Miller, is directed to show cause at a hearing before the referee appointed herein, why a final order of censure, suspension, or disbarment should not be made based on his conviction of a serious crime as defined in Judiciary Law § 90(4)(d), and
It is further Ordered that Lester Adler, Esq., 15 Scarsdale Farm Road, Scarsdale, NY 10583, (914) 263-7733, lesadler&commat;aol.com, is appointed as Referee to hold the hearing, and issue a report and recommendation to this Court, with the report to be submitted within 60 days of the conclusion of the hearing or the submission of post-hearing memoranda.
Enter: July 25, 2024