[628 NYS2d 786]

In the Matter of SALVATORE SPINELLI, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 26, 1995

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C.Y. Cheung* of counsel), for petitioner.

*Rosenman & Colin,* New York City *(Gerald Walpin* and *Jonathan Faust* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this Court on June 17, 1970.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The petitioner moves to confirm the report of the Special Referee while the respondent has submitted a memorandum in opposition to the motion to confirm.

Charge One alleged that on or about July 28, 1993, the respondent entered a plea of guilty to one count of illegally structuring currency transactions, in violation of 31 USC § 5324 (3) and § 5322 (b), a felony, in the United States District Court for the Southern District of New York. On or about December 23, 1993, the Honorable John F. Keenan sentenced the respondent to imprisonment for a term of one year and one day. By reason of the foregoing, the respondent has engaged in illegal conduct involving moral turpitude, in violation of Code of Professional Responsibility DR 1-102 (A) (3) (22 NYCRR 1200.3).

Charge Two alleged, based on his conviction, that the respondent is guilty of conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3).

Charge Three alleged that, by his conviction, the respondent is guilty of conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (8) (22 NYCRR 1200.3).

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained all three charges of professional misconduct against the respondent. Accordingly, the petitioner's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the character evidence he submitted, as well as the fact that he had no prior experience in the type of transaction involved. Furthermore, while his actions were illegal, the respondent did not admit, and the Government did not have to prove, that he knew that his actions were illegal. Under the circumstances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Salvatore Spinelli, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Salvatore Spinelli, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.