[670 NYS2d 550]

In the Matter of CHERYL A. COZZA (Admitted as CHERYL ANN COZZA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 30, 1998

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The petition, dated July 24, 1997, contains two charges of professional misconduct against the respondent. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has not submitted any papers in reply.

Charge One alleged that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b). On January 24, 1997, the respondent pleaded guilty before the Honorable Charles L. Brieant, United States District Court, Southern District of New York, to a charge of structuring transactions for the purpose of evading currency transaction reports, in violation of 31 USC § 5324 (a) (3). This crime is a Federal felony with no equivalent in the State of New York.

On May 20, 1997, a judgment of conviction was entered in the United States District Court for the Southern District of New York. The respondent was sentenced, *inter alia,* to three years' probation, three months of which was to be served under home confinement, and was directed to pay restitution of $20,000 to the New York State Higher Education Services Corp.

Charge Two alleged that the respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct that adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]), based on the factual allegations contained in Charge One.

In view of the undisputed fact of the respondent's conviction, the Special Referee properly sustained both charges of professional misconduct against the respondent. The Grievance Committee's motion to confirm the Special Referee's report is granted.

At the disciplinary hearing the respondent requested that, in determining an appropriate measure of discipline to impose, the Court consider the isolated nature of the misconduct, the fact that her transgression did not involve any clients, and the character references submitted on her behalf.

Notwithstanding the mitigation advanced by the respondent, her conduct in violation of 31 USC § 5324 (a) (3) constitutes serious professional misconduct. Under the totality of the circumstances, and in light of her default in the payment of

student loans, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Cheryl A. Cozza, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that (a) during the said period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Cheryl A. Cozza, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.