[739 NYS2d 145]

In the Matter of NICHOLAS KHOUDARY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 12, 2002

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Nicholas Khoudary*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Nicholas Khoudary was admitted to the practice

of law in New York by the First Judicial Department on January 23, 1989. Respondent is also admitted to practice law in New Jersey where he maintains his place of business.

Respondent was charged in a two-count indictment filed in the United States District Court for the District of New Jersey with conspiracy to launder money and structuring of a currency transaction to evade filing an IRS-required currency transaction report. On August 2, 1999, respondent pleaded guilty to the second count, a violation of 31 USC § 5322 (b) and § 5324 (a) (3), and 18 USC § 2, a felony under the United States Code. This conviction arose out of respondent's dealings with a client, Peter Pietanza, and others who schemed to cash stolen checks using respondent and his attorney trust account. Respondent structured cash transactions in amounts less than $10,000 for the purpose of evading federal reporting requirements. On November 29, 1999, respondent was sentenced to five years probation and ordered to pay restitution in the amount of $296,222.97. Based upon respondent's conviction, the Supreme Court of New Jersey suspended respondent in May 2001 for a period of two years, retroactive to the date of his temporary suspension in August 1999; in September 2001, the suspension was terminated and respondent was restored to the practice of law by the Supreme Court of New Jersey.

The Departmental Disciplinary Committee now seeks an order: determining that the crime of which respondent has been convicted is a serious crime pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12; suspending respondent from the practice of law until a final order is made pursuant to Judiciary Law § 90 (4) (f); and, directing respondent to show cause before the Committee or a referee, why a final order of censure, suspension or disbarment should not be made pursuant to Judiciary Law § 90 (4) (g). Respondent argues: that the offense to which he pleaded guilty is not a "serious crime"; that any suspension should be deferred to a referee since his plea allocution was to facts significantly different from those alleged in his indictment; since he did not practice in New York during his New Jersey suspension; and, since suspending an attorney serving criminal probation would be particularly harsh.

The crime of which respondent was convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 since it is a criminal offense denominated a felony under the laws of the United States (*see Matter of Spinelli*, 212 AD2d 31; *Matter of Cozza*, 241 AD2d 223). This Court must suspend respondent unless permitting him to

practice is consistent with "the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice" (Judiciary Law § 90 [4] [f]). Permitting respondent to continue to practice would not be appropriate. A lawyer convicted of a felony and serving criminal probation should not be permitted to practice law (*Matter of Singer*, 252 AD2d 338; *Matter of Coughlin*, 202 AD2d 112). This rule requires suspension during the course of disciplinary proceedings (*see, Matter of Witchell*, 220 AD2d 153). Respondent can raise any claims regarding the effect, if any, of his readmission in New Jersey, as well as the nature of his admissions to the factual allegations of his federal indictment before the referee or hearing panel who will hear and report on the appropriate final discipline.

Accordingly, the petition should be granted, determining that the crime of which respondent has been convicted is a serious crime, suspending respondent pending further order of this Court and directing respondent to show cause before a referee appointed by this Court, which shall thereupon hold a hearing and issue a report and recommendation to this Court why a final order of censure, suspension or disbarment should not be made.

ANDRIAS, J.P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until the further order of this Court, as indicated.