[754 NYS2d 262]

In the Matter of Nicholas Khoudary, a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, February 6, 2003

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Nicholas Khoudary was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on January 23, 1989. He is also admitted to practice law in New Jersey where he maintains his place of business.

The Departmental Disciplinary Committee has moved for an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact, conclusions of law and recommendations as to sanction set forth in the determination of the Hearing Panel. The Hearing Panel recommended that respondent be suspended from the practice of law for a period coextensive with his federal probationary period, due to expire on November 28, 2004.

On August 2, 1999, respondent pleaded guilty in the United States District Court for the District of New Jersey to structuring of a currency transaction in violation of 31 USC § 5322 (b) and § 5324 and 18 USC § 2, a felony under the United States Code. Respondent had used an attorney trust account to cash stolen checks for a client and structured cash transactions in amounts less than $10,000 for the purpose of evading federal reporting requirements. There was no proof that respondent knew the checks were stolen. On November 29, 1999, respondent was sentenced to five years probation and ordered to pay restitution in the amount of $296,222.97.

Based on respondent's conviction, in May 2001 the Supreme Court of New Jersey suspended respondent for a period of two years, retroactive to the date of his temporary suspension in August 1999. On September 18, 2001, this suspension was terminated and respondent was thereupon restored to the practice of law in New Jersey.

Six months later, this Court granted a petition of the Departmental Disciplinary Committee seeking a determination that the crime for which respondent was convicted is a serious crime as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12. This Court suspended respondent from the practice of law and directed him to show cause as to why a final order of censure, suspension or disbarment should not be made.

Following a hearing, the Referee issued a report recommending that respondent be suspended from the date of his federal conviction until further order of this Court. A Hearing Panel thereafter recommended that respondent be suspended so long as his federal criminal probation continues. It is currently scheduled to terminate on November 28, 2004.

Respondent has readily conceded his misconduct and has expressed his sincere remorse. Respondent has sought to

shorten his suspension to that period imposed by the New Jersey Supreme Court but there is no reason to depart from this Court's policy to preclude a lawyer from practicing law who is serving a term of probation for a felony (*Matter of Singer*, 252 AD2d 338; *Matter of Coughlin*, 202 AD2d 112).

Accordingly, the Committee's motion for an order confirming the findings of fact and conclusions of law set forth in the reports of the Referee and Hearing Panel should be granted and respondent suspended from the roll of attorneys and counselors-at-law in the State of New York, for a period of time coextensive with his federal probationary period, which is now scheduled to terminate on November 28, 2004, and until further order of this Court.

ANDRIAS, J.P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent's suspension from the practice of law, in the State of New York, continued for a period of time coextensive with respondent's federal probation and until the further order of this Court, as indicated.