[911 NYS2d 814]

In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A, Respondents. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 21, 2010

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

No appearances for respondents.

### OPINION OF THE COURT

Per Curiam.

Section 468-a of the Judiciary Law requires every resident and nonresident attorney admitted to practice in the State of

New York to file a biennial registration statement with the administrative office of the courts. A biennial registration fee must be paid at the time the statement is filed. This registration statement, which is mailed every two years by the Office of Court Administration to every attorney so admitted, must be timely filed and the fee paid regardless of whether the attorney is actually engaged in the practice of law in New York or elsewhere. Attorneys who certify to the Chief Administrator of the Courts that they have retired from the practice of law are exempt from paying the registration fee at the time the statement is filed. Subdivision (5) of the statute provides further that "[n]oncompliance by an attorney with the provisions of this section and the rules promulgated hereunder shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action."

Pursuant to this provision, petitioner Departmental Disciplinary Committee seeks an order suspending from the practice of law certain attorneys (whose last name begins with the letters L through Z) who are in violation of the statute, in that they have failed to file the registration statement and pay the registration fee for one or more registration periods after due purported notification. This is another in a series of motions to suspend attorneys who have failed to file biennial registration statements with the Office of Court Administration. This Court has previously held that failure to register or reregister, and pay the biennial registration fee constitutes professional misconduct warranting discipline (see Matter of Pierini, 21 AD3d 42 [2005]). Since 1997 this Court has granted similar motions and suspended attorneys en masse for such failure to register or reregister, and pay the registration fee pursuant to Judiciary Law § 468-a (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 257 AD2d 127 [1999]).

The attorneys in question have been duly notified of their noncompliance and given an opportunity to cure their default. The Office of Court Administration mailed each of the defaulting attorneys a biennial registration form to their last known home address, a second notice to their last known business address, and a final notice to their home address. Attorneys who remained in default following these three notices were referred to the Disciplinary Committee. On October 31, 2008, this Court published notice in the New York Law Journal that the Disciplinary Committee would institute an omnibus disciplinary proceeding seeking immediate suspension from the practice of

law against those attorneys who did not cure their default by November 24, 2008. Thereafter, a list of approximately 1700 attorneys who failed to submit satisfactory proof of registration and payment of fees was forwarded to the Committee. The Committee then filed its motion for service by publication of the notice of petition to suspend.

Pursuant to the order of this Court entered May 27, 2010, which provided for service of the petition to suspend by publication in the New York Law Journal for five consecutive days, a list of the defaulting attorneys along with their last known business addresses or in the absence of a business address, the home address of the defaulting attorney, was so published commencing June 8, 2010. A notice was also posted on the Court's Web site. The order further provided that attorneys on the default list may submit proof from the Office of Court Administration that they are in compliance with all the registration requirements (including payment of registration fees), and an explanation of their failure to respond to previous notifications of default, within 30 days of the return date of the notice of petition, or they would be subject to a further order of the Court immediately suspending them from the practice of law in the State of New York.

The attorneys who remain in noncompliance with Judiciary Law § 468-a despite the notification process described above are the subject of the Committee's instant motion to suspend. No opposition has been filed.

Accordingly, due to the continued failure to comply with the statute, petitioner's motion to suspend such attorneys shall be granted to the extent of suspending those attorneys whose names are enumerated in the attached schedule from the practice of law in the State of New York, effective immediately.

TOM, J.P., ANDRIAS, SAXE, FRIEDMAN and NARDELLI, JJ., concur.

Attorneys whose names are enumerated in the schedule attached to the opinion per curiam suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court, as indicated.