[996 NYS2d 45]

In the Matter of NICHOLAS KHOUDARY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 2, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Nicholas Khoudary*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on January 23, 1989. Respondent is also admitted to the practice of law in New Jersey, where he maintains his place of business.

In May 2001, the New Jersey Supreme Court suspended respondent for two years, retroactive to August 6, 1999 (the date of his interim suspension), following his August 2, 1999 criminal conviction in the United States District Court for the District of New Jersey for structuring a monetary transaction to avoid currency transaction reporting requirements (167 NJ 593, 772 A2d 911 [2001]). In November 1999, respondent was sentenced to five years' probation and ordered to pay restitution in the amount of $296,222.97. In September 2001, he was reinstated to the practice of law in New Jersey (169 NJ 480, 779 A2d 426 [2001]).

In March 2002, this Court deemed respondent's federal conviction a "serious crime," suspended him from the practice of law, and directed him to show cause why a final order of censure, suspension or disbarment should not be made (291 AD2d 152 [1st Dept 2002]). On February 6, 2003, this Court confirmed a Hearing Panel determination and continued respondent's suspension from the practice of law for a period coextensive with his federal probationary period, which was scheduled to terminate November 28, 2004, and until further order of the Court (303 AD2d 124 [1st Dept 2003]). To date, respondent has not applied for reinstatement to the practice of law in New York and, accordingly, his suspension from practice in this state remains in effect.

Presently before us is a reciprocal discipline petition of the Departmental Disciplinary Committee, dated June 4, 2014, seeking an order, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, suspending respondent from the practice of law for two years, retroactive to July 5, 2013, predicated upon the two-year suspension imposed on respondent by the Supreme Court of New Jersey with effect from that date, or in the alternative, sanctioning respondent as this Court deems appropriate. The order forming the basis for the Committee's reciprocal discipline petition was issued by the New Jersey Supreme Court on June 6,

2013. That order suspended respondent from the practice of law in New Jersey for a period of two years, and until further order of the court, with effect from July 5, 2013, based on findings of the New Jersey Disciplinary Review Board, after evidentiary proceedings before a Special Master, that respondent had violated New Jersey Rules of Professional Conduct rules 3.1 (filing a frivolous claim) and 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and (d) (conduct prejudicial to the administration of justice) (*In re Khoudary*, 213 NJ 593, 66 A3d 1264 [2013]).

Underlying the charges for which the 2013 suspension was imposed was respondent's filing, in the United States Bankruptcy Court for the District of New Jersey, of two successive bankruptcy petitions (the first under Chapter 11, the second under Chapter 7) on behalf of Schaefer Salt Recovery, Inc. (SSR). At the time, respondent's then-wife owned SSR and respondent was the entity's vice-president, secretary and counsel. Both petitions were dismissed as frivolous by the bankruptcy court, which found that respondent had filed them in bad faith to obstruct a pending tax foreclosure proceeding in state court. The bankruptcy court ultimately imposed a sanction of $11,628.90 on respondent personally based on the filing of the second petition, which he had effected after the court had warned him, upon the dismissal of the first petition, not to repeat such misuse of the bankruptcy code (*In re Schaefer Salt Recovery, Inc.*, 444 BR 286, 295-298 [Bankr D NJ 2011]). The details of respondent's misconduct are more fully set forth in the cited bankruptcy court decision and in the earlier decision of the Third Circuit remanding the application for sanctions to the bankruptcy court for further consideration (*In re Schaefer Salt Recovery, Inc.*, 542 F3d 90, 94-95 [3d Cir 2008]).

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3 (c), respondent is precluded from raising any defenses except (1) a lack of notice or opportunity to be heard constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction. Respondent has submitted an unsworn letter in which he consents to the penalty sought by the Committee, including the request that his suspension be made effective nunc pro tunc to the date of the New Jersey suspension.

On this record, no viable defense exists under 22 NYCRR 603.3 (c) (1), inasmuch as respondent was provided with suf-

ficient notice and an opportunity to be heard in the New Jersey proceeding. Respondent answered the complaint, testified at the hearing before the Special Master and presented evidence before the New Jersey Disciplinary Review Board, and submitted a prehearing brief. Furthermore, a review of the evidence presented in the hearing conducted before the Special Master establishes that there was no infirmity of proof such as would provide respondent with a successful defense under 22 NYCRR 603.3 (c) (2).

We further find that respondent cannot offer a defense under 22 NYCRR 603.3 (c) (3), since the misconduct for which he was disciplined by the New Jersey court constitutes misconduct in New York. The misconduct at issue occurred prior to the adoption of the current Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) on April 1, 2009, when the former Code of Professional Responsibility was still in effect. Thus, it appears that the Disciplinary Rules violated by respondent were DR 7-102 (a) (22 NYCRR 1200.33 [a] [now RPC rule 3.1]) and DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5] [now RPC rule 8.4 (c), (d)]).

With regard to the issue of sanctions, it is a generally accepted principal that the state where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see Matter of Knudsen*, 109 AD3d 94 [1st Dept 2013]; *Matter of Deitch*, 109 AD3d 1 [1st Dept 2013]; *Matter of Munroe*, 89 AD3d 1 [1st Dept 2011]). Although respondent did not notify the Committee of his discipline in New Jersey as required, the Committee does not urge a greater sanction based upon this failure. Moreover, the two-year suspension imposed by New Jersey is consistent the sanctions imposed in cases presenting similar levels of misconduct (*see Matter of Davey*, 111 AD3d 207 [1st Dept 2013]; *Matter of Chiofalo*, 78 AD3d 9 [1st Dept 2010]). In addition, we have previously imposed retroactive suspensions in reciprocal discipline proceedings, as urged by the Committee in this matter (*see Matter of Filosa*, 112 AD3d 162 [1st Dept 2013]; *Matter of Etkin*, 102 AD3d 151 [1st Dept 2012]).

Accordingly, the Committee's petition should be granted and respondent suspended from the practice of law for a period of two years, nunc pro tunc to July 5, 2013, and until further order of this Court.

FRIEDMAN, J.P., ACOSTA, RENWICK, ANDRIAS and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, nunc pro tunc to July 5, 2013, and until further order of this Court.