[30 NYS3d 94]

In the Matter of WILLIAM MERKER, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 28, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*William Merker*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent William Merker was admitted to the practice of law in the State of New York by the First Judicial Department on September 29, 1986. At all times relevant to these proceedings, he maintained a registered address within the First Judicial Department. Respondent was suspended from the practice of law by order dated November 10, 2009, for failure to file attorney registration statements and pay biennial registration fees (*see Matter of Attorneys in Violation of Judiciary Law § 468-a*, 70 AD3d 132 [1st Dept 2009]).

The Departmental Disciplinary Committee now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), based on his 2005 conviction of the federal felony of conspiracy to

commit securities fraud, wire fraud, to file false reports with the Securities and Exchange Commission and to commit bank fraud (18 USC §§ 371, 1343, 1344; 15 USC §§ 78j [b]; 78ff), as well as the federal felony of subscribing to a false tax return (26 USC § 7206 [1]). In the alternative, the Committee seeks an order determining that the conviction is for a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and for a sanctions hearing.

Respondent did not report his 2005 conviction, as required by Judiciary Law § 90 (4) (c) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (f); the Committee only learned of it as a result of an inquiry into his attorney registration status. Nor has respondent appeared in this proceeding.

Respondent's 2005 conviction stems from his participation in a scheme with his brother, Steven Merker, and others, to defraud the shareholders and creditors of Standard Automotive Corporation, of which respondent was a director and his brother was chairman, president and CEO. Their scheme involved orchestrating several multimillion dollar acquisitions by the corporation, and causing it to pay substantially in excess of the negotiated purchase price, which excess payments were then indirectly funneled back to respondent and his brother by a coconspirator. Respondent also created a series of fraudulent invoices for payment from Standard Automotive for services purportedly he performed on the company's behalf, for which the company paid him over $75,000. Additionally, respondent and his brother submitted to the company falsified and inflated business expense reports, causing the company to reimburse them for amounts far beyond their legitimate business expenses.

For purposes of the application of Judiciary Law § 90 (4) (a), which authorizes automatic disbarment of an attorney upon conviction of a felony, Judiciary Law § 90 (4) (e) defines the term "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." The out-of-jurisdiction felony must be "essentially similar," but not necessarily identical to, an offense classified as a felony in New York (see Matter of Margiotta, 60 NY2d 147, 150 [1983]).

Although the federal felonies of conspiracy to commit wire fraud, securities fraud and bank fraud have no direct felony analog under New York law (*see Matter of Sorin*, 47 AD3d 1, 3 [1st Dept 2007]; *Matter of Kim*, 209 AD2d 127, 130 [1st Dept 1995]), the necessary essential similarity may be established by admissions made under oath during a plea allocution, read in conjunction with the indictment (*see Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]; *Matter of Lin*, 110 AD3d 186, 187 [1st Dept 2013]). Respondent's admissions during his plea allocution, to the effect that he knowingly and wilfully engaged in a systematic course of conduct involving false pretenses, through which he intended to and did defraud Standard Automotive's shareholders and creditors, wrongfully obtaining funds well in excess of $1,000, correspond to the elements of scheme to defraud in the first degree, namely,

> "engag[ing] in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons" (Penal Law § 190.65 [1] [b]).

Therefore, respondent's conviction is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b) (*see e.g. Matter of Weisman*, 124 AD3d 52, 54 [1st Dept 2014]; *Matter of Adams*, 114 AD3d at 3).

Accordingly, petitioner's motion should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), nunc pro tunc to November 24, 2015, the date of the Committee's petition.

MAZZARELLI, J.P., ANDRIAS, SAXE, MOSKOWITZ and RICHTER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 24, 2015.