Matter of Ofsink (2018 NY Slip Op 07195)





Matter of Ofsink


2018 NY Slip Op 07195


Decided on October 25, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
Barbara R. Kapnick
Marcy L. Kahn
Ellen Gesmer
Cynthia S. Kern, Justices.


M-3715

[*1]In the Matter of Darren L. Ofsink, (admitted as Darren Lee Ofsink), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Darren L. Ofsink, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Darren L. Ofsink, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 7, 1995.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Darren L. Ofsink was admitted to the practice of law in the State of New York by the Second Judicial Department on June 7, 1995, under the name Darren Lee Ofsink. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
On October 18, 2017, respondent was convicted, upon his plea of guilty, in the United States District Court for the Eastern District of New York, of conspiracy to commit securities fraud in violation of 18 USC § 371 and 15 USC §§ 78j(b) and 78ff, a federal felony. Respondent's conviction stemmed from his participation in a conspiracy to defraud investors by manipulating and inflating the stock price of a publicly traded company.
By this motion, the Attorney Grievance Committee (AGC) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred; or, in the alternative, determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d); immediately suspending him from the practice of law and directing respondent to show cause before a referee why a final order of censure, suspension or disbarment should not be made (see Judiciary Law § 90[4][f] and [g], and 22 NYCRR 1240.12[b][2] and [c][2]).
Respondent, pro se, does not oppose the AGC's request to strike his name from the roll of attorneys, accepts full responsibility for his actions, and expresses remorse and contrition.
For purposes of applying Judiciary Law § 90(4)(a), which authorizes automatic disbarment of an attorney convicted of a felony, Judiciary Law § 90(4)(e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." Thus, a federal felony conviction will result in automatic disbarment if an equivalent felony exists under New York law (Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]).
Respondent admitted defrauding more than 10 victims and that he personally profited from his crime by $292,409.11, which amount represented the proceeds of the stock that he sold (for which respondent consented to entry of a forfeiture money judgment).
We find that respondent's admitted conduct corresponds to the New York felony of scheme to defraud in the first degree (Penal Law § 190.65[1][b]), and thus, is a proper predicate for automatic disbarment under Judiciary Law § 90(4)(b) and (e) and 22 NYCRR 1240.12(c)(1) (see Matter of Merker, 140 AD3d 1 [1st Dept 2016]; Matter of Sorin, 47 AD3d 1 [1st Dept 2007]; Matter of Madoff, 114 AD3d 184, 186-187 [2d Dept 2013]).
The application is timely even though respondent has not yet been sentenced because he was automatically disbarred at the time of his guilty plea (see Matter of Ravelo, 163 AD3d 98, 102 [1st Dept 2018]).
Accordingly, the motion is granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York, and he is disbarred effective nunc pro tunc to October 18, 2017.
All concur.
Order filed.
Petition is granted to the extent that respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), and he is disbarred effective nunc pro tunc to October 18, 2017.