Matter of Rothman (2020 NY Slip Op 01565)





Matter of Rothman


2020 NY Slip Op 01565


Decided on March 5, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present - Hon. Rosalyn H. Richter, Justice Presiding
 Judith J. Gische
 Ellen Gesmer
 Cynthia S. Kern
 Lizbeth González, Justices.


M-7920

[*1]In the Matter of Robert E. Rothman (admitted as Robert Edward Rothman), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert E. Rothman, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Robert Edward Rothman, was admitted to practice as an attorney and counselor-at-law in the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 7, 1980.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.



PER CURIAM.


Respondent Robert E. Rothman was admitted to the practice of law in the State of New York by the First Judicial Department on July 7, 1980 under the name Robert Edward Rothman, and in the State of New Jersey in 1977. Respondent's last known business address listed with the Office of Court Administration (OCA) is in New Jersey. This Court retains jurisdiction over respondent since he was admitted in this Judicial Department (22 NYCRR 1240.7[a][2]).
By order entered October 21, 2010, this Court suspended respondent from the practice of law for failure to register with OCA (Matter of Attorneys in Violation of Judiciary Law § 468-a 79 AD3d 81 [1st Dept 2010]). To date, respondent has not applied for reinstatement in New York and remains suspended.
By order entered September 6, 2018, the Supreme Court of New Jersey suspended respondent from the practice of law for a period of three years, retroactive to May 10, 2012, having pled guilty to one count of Sherman Act Conspiracy in violation of 15 USC § 1 (In the Matter of Rothman, 235 NJ 93 [2018]).
The Attorney Grievance Committee (AGC) seeks an order pursuant to the Rules for Attorney Discipline Matters (22 NYCRR) 1240.13 imposing reciprocal discipline on respondent predicated [*2]upon the three year suspension ordered by the New Jersey Supreme Court (Rothman, 235 NJ 93 [2018]); and directing respondent to demonstrate why discipline should not be imposed in New York (22 NYCRR § 1240.13 [a] and [b], or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent, appearing pro se in this matter, admits to the conduct underlying this reciprocal discipline motion.
The United States District Court for the District of New Jersey charged respondent with one count of Sherman Act Conspiracy. The information states that when an owner of New Jersey real estate fails to pay property, water, or sewer taxes, the municipality in which the property is located may attach a lien. If the lien remains unpaid, the property may then be sold at a tax lien auction. At auction, the value of the lien includes the amount of unpaid property taxes, accrued interest and other applicable costs and penalties. Bidders then bid on the interest rate that the property owner will pay if and when the tax lien is redeemed; bidding begins at the statutory maximum and may be driven down to zero. Typically, the winning bidder collects interest at the winning rate, the original lien amount and penalties. If the taxes, interest and penalties remain unpaid, the winning bidder may foreclose on the property owner's right of redemption and take title to the property.
The information charged that, beginning around the spring of 2000 until approximately February 2009, respondent and his co-conspirators - non-party individuals and entities - submitted non-competitive and collusive bids at public auctions for tax liens to suppress and eliminate competition in the bidding process in various New Jersey municipalities. Respondent and his co-conspirators' combination and conspiracy were in unreasonable restraint of interstate trade and commerce in violation of 15 USC § 1.
Based upon the allegations in the information, on March 27, 2012, respondent pled guilty to one count of Sherman Act Conspiracy in the United States District Court for the District of New Jersey.
By order entered May 10, 2012, the Supreme Court of New Jersey temporarily suspended respondent from the practice of law, upon his guilty plea in federal court, pending the final resolution of disciplinary proceedings against him (In the Matter of Rothman, 210 NJ 155 [2012]). On May 26, 2016, respondent was sentenced to one year of probation, a $20,000 fine, and a $100 special assessment.
In or about November 2017, the New Jersey Office of Attorney Ethics (OAE) petitioned the Disciplinary Review Board (DRB) to recommend to the New Jersey Supreme Court that respondent be disciplined in accordance with New Jersey Court Rule 1:20-13(c) following his conviction in federal court.
In connection with the New Jersey disciplinary proceeding, both the OAE recommended and respondent agreed to a three-year suspension. By decision dated February 14, 2018, the DRB found that respondent's conviction established that he committed a criminal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer, in violation of New Jersey Rule of Professional Conduct 8.4(b). Significantly, the DRB noted that respondent cooperated with the government and expressed remorse for his actions. It agreed with OAE's recommendation of a three-year suspension retroactive to May 10, 2012, the date of respondent's interim suspension.
Pursuant to its order, the Supreme Court of New Jersey agreed with DRB's finding and adopted its recommendation.
The AGC correctly argues and respondent concedes that he is precluded from raising any defenses pursuant to 22 NYCRR 1240.13(b).
Respondent failed to advise this Department's AGC of his criminal conviction and the discipline imposed upon him in New Jersey because he was already suspended as an attorney in New York and intended to permanently cease his practice of law in New York. Moreover, his period of suspension had already elapsed since the New Jersey Supreme Court order deemed his three-year suspension retroactive to May 10, 2012. Respondent states that he is preparing to apply for reinstatement to practice law in New Jersey and is concerned that a prospective suspension in New York could lead to further reciprocal discipline in New Jersey. Respondent accordingly requests that any suspension imposed in New York be retroactive and correspond to the discipline imposed in [*3]New Jersey, taking into account that he does not intend to practice law in New York.
By letter dated November 22, 2019, the AGC states that it has no position relative to the effective date of a suspension ordered by this Court in connection with the instant proceeding.
Generally, in reciprocal disciplinary proceedings, this Court gives significant deference to the sanction imposed by the jurisdiction in which the charges were initially brought (see e.g. Matter of Berman, 162 AD3d 21, 23-24 [1st Dept 2018]; Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]).
The AGC submits that a three-year suspension is not a material deviation from this Court's precedent for similar offenses (see Matter of Stein, 168 AD3d 116 [1st Dept 2019]; Matter of Cohen, 159 AD3d 113 [1st Dept 2018]). In addition, this Court has previously imposed retroactive suspensions in reciprocal discipline proceedings (see Matter of Khoudary, 124 AD3d 154 [1st Dept 2014]).
Accordingly, the Attorney Grievance Committee's motion should be granted and reciprocal discipline imposed pursuant to 22 NYCRR 1240.13, suspending respondent from the practice of law in the State of New York for a period of three years, nunc pro tunc
to May 10, 2012, and until further order of this Court. Respondent remains suspended for failure to register with the Office of Court Administration (Matter of Attorneys in Violation of Judiciary Law § 468-a, 79 AD3d 81 [1st Dept 2010]).
All concur.
Order filed. [March 5, 2020]
The Committee's motion for reciprocal discipline is granted and, pursuant to 22 NYCRR 1240.13, respondent is suspended from the practice of law in the State of New York for a period of three years, nunc pro tunc to May 10, 2012, and until further order of this Court, with his current suspension for failure to register to remain extant.