Matter of Ulloa (2022 NY Slip Op 00728)





Matter of Ulloa


2022 NY Slip Op 00728


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
David Friedman
Anil C. Singh
Peter H. Moulton
Julio Rodriguez III, JJ.


Motion No. 2021-04117 Case No. 2021-02559 

[*1]In the Matter of Francisco E. Ulloa (Admitted as Francisco Esteban Ulloa), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Francisco E. Ulloa, (OCA Atty. Reg. No. 2936623.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 5, 1999.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kevin M. Doyle, of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Francisco E. Ulloa was admitted to the practice of law in the State of New York by the First Judicial Department on January 5, 1999, under the name
Francisco Esteban Ulloa. His last registered business address was within the First
Department.
By order of October 21, 2010, this Court suspended respondent from the practice
of law, as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees in violation of Judiciary Law § 468-a (Matter of Attorneys in Violation of Judiciary Law § 468-a, 79 AD3d 81, 165 [1st Dept 2010]). Respondent has not registered since 2005 and, to date, he remains suspended.
The Attorney Grievance Committee (AGC) now moves for respondent's immediate suspension from the practice of law on disciplinary grounds, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3), based on his failure to answer a complaint by a former client. Respondent has not submitted a response to the motion, which was served upon him by publication in the New York Law Journal, as authorized by a prior order of this Court.
In November 2019, the AGC received a complaint from Y.V., a former client of respondent. According to Y.V., she retained respondent in 2016 to represent her in a divorce, for which she paid hm $700. Y.V. alleged that respondent "never followed up" on the matter. In December 2019, the AGC mailed Y.V.'s complaint to respondent at the business address he last used to register with the Office of Court Administration (OCA), along with a request for a written answer thereto. The mailing was returned as not deliverable as addressed and not forwardable.
In January 2020, the AGC sent a second letter to respondent at the home address
he last used to register with OCA, again requesting that he answer Y.V.'s complaint. No answer was received but the letter was not returned. The AGC avers that it "continued in its attempts to reach respondent and enlist his cooperation," but his "failure to provide OCA with current contact information . . . continued to stymie efforts. Hence, the business phone number that respondent had provided OCA was found to have been disconnected since at least the prior year." The AGC also cites the fact that respondent never provided OCA, nor Y.V., with an email address.
22 NYCRR 1240.9(a) provides for an interim suspension
"upon a finding by the Court that the respondent has engaged in
conduct immediately threatening the public interest. Such a finding may be based upon: . . . (3) the respondent's failure to comply with a lawful
demand of . . . a Committee in an investigation . . . under these Rules."
Based on the foregoing, the AGC has established that respondent has failed to cooperate with its investigation, which conduct immediately threatens the public interest and warrants the continuation [*2]of his current suspension as an interim disciplinary suspension (see Matter of Vayer, 160 AD3d 232 [1st Dept 2018]; Matter of Gadsden, 103 AD3d 1 [1st Dept 2012]; see also Matter of Edwards, 171 AD3d 221 [1st Dept 2019]; Matter of Miller, 170 AD3d 1 [1st Dept 2019]; Matter of Matic, 165 AD3d 45 [1st Dept 2018]).
Accordingly, the AGC's motion should be granted to the extent of continuing respondent's suspension from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.9(a)(3), and until further order of this Court.
All concur.
It is ordered that the motion is granted and respondent's suspension from the practice of law in the State of New York is continued pursuant to 22 NYCRR 1240.9 (a) (3), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, and
It is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until further order of this Court, and
It is further ordered that respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made a part hereof, and
It is further ordered that within 20 days of the date of service of this decision, respondent may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9 [c]).
Entered: February 3, 2022