Matter of Simoes (2024 NY Slip Op 03088)

Matter of Simoes

2024 NY Slip Op 03088

Decided on June 06, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Saliann Scarpulla
Martin Shulman
LlinÉt M. Rosado
Marsha D. Michael, JJ.

Motion No. 2024-01172 Case No. 2024-01531 

[*1] In the Matter of Fausto Simoes, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Fausto Simoes, (OCA Atty. Reg. No. 1683036), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Fausto Simoes, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 28, 1980.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Gina M. Patterson, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Fausto Simoes, pro se, was admitted to the practice of law in the State of New York by the First Judicial Department on April 28, 1980. Respondent's last registered address was in New Jersey.
By motion dated March 5, 2024, the Attorney Grievance Committee (AGC) seeks an order striking respondent's name from the roll of attorneys under Judiciary Law § 90(4)(a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the ground that he was convicted of a felony as defined by Judiciary Law § 90(4)(e) and should be disbarred by operation of law. Alternatively, the AGC seeks an order, under Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in New Jersey, and disbarring him; or sanctioning respondent as this Court deems appropriate. Respondent has not submitted a response to the AGC's motion.
On October 21, 2010, this Court suspended respondent from the practice of law until further order of the Court for failure to file attorney registration statements and pay biennial registration fees in violation of Judiciary Law § 468-a (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 79 AD3d 81 [1st Dept 2010]). To date, respondent has not been reinstated and remains suspended.
On November 23, 2022, respondent was convicted, upon his plea of guilty, in the United States District Court for the District of New Jersey of one count of conspiracy to commit bank fraud in violation of 18 USC § 1349, a felony. The indictment to which respondent pleaded guilty alleged, in pertinent part: "It was the goal of the conspiracy for [respondent and his co-conspirators] to unlawfully enrich themselves by: (a) recruiting straw buyers to purchase residential properties in the straw buyers' names; (b) providing down payment funds for the straw buyers; (c) causing false and fraudulent Loan Applications, HUD-1 Settlement Statements, and related documents to be submitted to the Victim Bank to influence the Victim Bank's decision to approve and fund loans for the straw buyers; (d) diverting the fraudulently obtained loan proceeds for their own use; (e) paying the monthly mortgage payments for the straw buyers for a period of time; and (f) causing the mortgage loans to the [*2]straw buyers to enter into default." Further, respondent and his co-conspirators "caused the Victim Bank to wire the fraudulently obtained loan funds to [respondent's] attorney trust account. In total, the Victim Bank wired loan funds of more than $4 million to [respondent] and other settlement agents."
During his plea allocution, respondent admitted the allegations, as well as other dishonest conduct, by which he and his co-conspirators defrauded Wells Fargo, among other financial institutions.
On September 15, 2023, the Supreme Court of New Jersey disbarred respondent by consent based on his federal conviction.
On October 31, 2023, respondent was sentenced to time served plus two years of supervised release, fined $20,000, and directed to pay $3.5 million in restitution. In addition, a consent judgment and forfeiture order was entered against respondent for $39,217.
Judiciary Law § 90(4)(e), which authorizes automatic disbarment of an attorney upon conviction of a felony, defines the term "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." The out-of-state felony must be "essentially similar," but not necessarily identical to, an offense classified as a felony in New York (see Matter of Margiotta, 60 NY2d 147, 150 [1983]). Although the federal felony of conspiracy to commit bank fraud has no direct felony analog under New York law, the necessary essential similarity may be established by admissions made under oath during a plea allocution, read in conjunction with the indictment (see Matter of Merker, 140 AD3d 1 [1st Dept 2016]).
Respondent's plea admissions that he engaged in a systematic, ongoing course of conduct involving false pretenses, through which he defrauded banks and wrongfully obtained approximately $4 million in loan proceeds, read in conjunction with the indictment to which he pleaded guilty, correspond to the elements of the following New York felony offenses: Penal Law § 190.65(1)(b) (scheme to defraud in the first degree), Penal Law § 105.10 (conspiracy in the fourth degree), and Penal Law § 155.42 (grand larceny in the first degree). Thus, respondent's felony conviction, which is essentially similar to the aforesaid New York felony offenses, is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90(4)(b) (see Matter of Merker, 140 AD3d at 4; Matter of Kim, 209 AD2d 127 [1st Dept 1995]).
Accordingly, the AGC's motion should be granted, respondent disbarred, and his name stricken from the roll of attorneys in the State of New York, pursuant to Judiciary Law § 90(4)(b), effective nunc pro tunc to November 23, 2022.
All concur.
It is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary [*3]Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), disbarring respondent Fausto Simoes, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to November 23, 2022; and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Fausto Simoes, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Fausto Simoes, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Order that if respondent, Fausto Simoes, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: June 6, 2024