Matter of Abraham (2024 NY Slip Op 03865)

Matter of Abraham

2024 NY Slip Op 03865

Decided on July 18, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 18, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,P.J.,
David Friedman
Tanya R. Kennedy
Bahaati E. Pitt-Burke
Marsha D. Michael, JJ.

Motion No. 2024-01246 Case No. 2024-01686 

[*1]In the Matter of Markis Miguel Abraham, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Markis Miguel Abraham (OCA Atty. Reg. No. 4867362), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent Markis Miguel Abraham was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 29, 2010.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Markis Miguel Abraham, pro se, was admitted to the practice of law in the State of New York by the Third Judicial Department on September 29, 2010. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
By order entered April 28, 2022, the Supreme Court of New Jersey suspended respondent from the practice of law for three months, effective May 30, 2022, and until further order of the Court (Matter of Abraham, 250 NJ 407, 273 A3d 412 [2022]).
By notice dated March 11, 2024, the Attorney Grievance Committee (AGC) requests this Court impose reciprocal discipline, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Judiciary Law § 90(2), by suspending respondent for a period of three months or sanctioning respondent as this Court deems just and proper.
By letter dated April 24, 2024, respondent does not oppose a reciprocal three-month suspension, but requests that it be retroactive to May 30, 2022, the effective date of the discipline imposed by the Supreme Court of New Jersey. The AGC takes no position on respondent's request. Background Respondent was admitted to the practice of law in the State of New Jersey on December 7, 2008. In 2015, respondent represented a client in connection with the sale of real properties and a liquor license. Respondent also prepared estate documents and represented the client in two personal injury lawsuits. Over the course of the representation, respondent informed her that he and his wife were interested in pursuing real estate investments. The client offered $140,000 to respondent to invest in real estate, which respondent intended to treat as a loan. However, the client did not sign any documents memorializing the loan.
On January 30, 2017, respondent deposited $140,000 from the client into his attorney trust account, but subsequently transferred the money into his personal account. In 2018, the client became incapacitated and obtained a guardian. The guardian was ultimately unable to file for Medicaid due to the $140,000 depleted from the client's account. Consequently, the client died in May 2019 with significant medical debt. By September 2019, respondent had paid back approximately $5,000 of the $140,000 deposit.
Separately, prior to the client's death, respondent represented her in personal injury lawsuits related to her ownership of a bar[*2]. In the first lawsuit, respondent failed to timely respond to the plaintiff's interrogatories, resulting in a default judgment against the client. In the second lawsuit, respondent failed to appear for mandatory arbitration, resulting in a second default judgment against the client.
Based on the above facts, the Office of Attorney Ethics (OAE) filed a complaint alleging respondent violated New Jersey Rules of Professional Conduct 1.1 (competent representation), 1.3 (diligent representation), 1.8 (conflict of interest rules), and 1.15 (safekeeping property).
On November 2, 2020, respondent signed a disciplinary stipulation admitting to violating the above rules, waiving his right to a public hearing, and agreeing to have the matter referred to the Disciplinary Review Board (DRB) to determine sanctions. The OAE recommended a three-to-six-month suspension. On July 29, 2021, the DRB imposed a three-month suspension. The AGC represents that respondent did not notify it of his New Jersey suspension, nor to their knowledge, did he notify this Court. Instead, the AGC was notified by the OAE. Discussion
The AGC now moves for an order imposing a reciprocal three-month suspension against respondent, or sanctioning respondent as this Court deems just and proper. Respondent consents to reciprocal discipline, but requests that it be retroactive to May 30, 2022, the effective date of the discipline imposed by the Supreme Court of New Jersey.
In a reciprocal discipline proceeding, under 22 NYCRR 1240.13(b), the respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]). As noted above, respondent consents to reciprocal discipline and does not raise any of these defenses. In any event, they are inapplicable here.
This Court generally "gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought" (Matter of Kort, 224 AD3d 15, 20 [1st Dept 2024] [internal quotation marks omitted]; see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]). We depart from this general rule only in "rare instances" (Kort, 224 AD3d at 20 [internal quotation marks omitted]). Here, the parties agree to a three-month suspension for respondent's misconduct, which is supported by this Court's precedent (see e.g. Matter of Ioannou, 89 AD3d 245 [1st Dept 2011]). Further, the AGC does not oppose respondent's request for suspension to be applied retroactively to May 30, 2022, which is in this Court's discretion (see Matter of Rothman, 183 AD3d 37, 40-41 [1st Dept 2020]; Matter of Machado, 161 AD3d 132, 138 [1st Dept 2018]).
Accordingly, the AGC's motion should be granted, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective nunc pro tunc to May 30, 2022, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law §90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, is granted, and respondent Markis Miguel Abraham is suspended from the practice of law in the State of New York for a period of three months, effective nunc pro tunc to May 30, 2022, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, during the period of
suspension and until further order of this Court, respondent Markis Miguel Abraham shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Markis Miguel Abraham is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof; and
It is further Ordered that if respondent Markis Miguel Abraham has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: July 18, 2024